United States District Court
District of Massachusetts

| | |
|---|---|
| **United States of America** ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 22—CR-10142-NMG |
| **Jacob Guerrero,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Defendant Jacob Guerrero ("Guerrero") has been charged with one count of sexual exploitation of a child in violation of 18 U.S.C. 2251(a) and (e). He moves to suppress all evidence and fruits obtained from the search of his black iPhone pursuant to a September 7, 2021 warrant. For the reasons stated below, this motion will be denied.

## I. Factual Background

On September 2, 2021, Detective Robert O'Connell ("Detective O'Connell") of the Wrentham Police Department applied for a warrant from the Wrentham District Court to search Guerrero's vehicle and person. Detective O'Connell filed an

-1-

affidavit in support of that warrant application ("the September 2 affidavit").

According to the affidavit, on August 24, 2021, police responding to a suspicious activity report were told by three women that someone donning a blond wig had been following women and minor females in the Wrentham Outlets bathroom. One woman took a photo of the individual and shared it with the police (the "August 24 photo"). In the photo, the suspect can be seen wearing a blond wig and oversized black "Vans" shoes and holding up a black phone. In the affidavit, Detective O'Connell explained that he later concluded that the shoelaces of the "Vans" shoes contained pen cameras. After searching on Amazon.com for pen cameras, he further determined such devices typically can record photos and videos and transfer those photos and videos to a computer or phone.

Using surveillance footage and historical license plate reader data, Detective O'Connell identified Guerrero as the suspect, and learned that Guerrero had visited the Wrentham Outlets by car on several occasions in the preceding months. Law enforcement subsequently observed Guerrero's vehicle at the mall on August 30 and September 2, 2021.

The September 2 affidavit submitted that there was probable cause to believe that evidence of the crime of photographing, videotaping or electronically surveilling a partially nude or nude person or the sexual or other intimate parts of a person around a person's clothing would be found on Guerrero's person or inside his car.

The Wrentham District Court granted the warrant that same day and Guerrero's vehicle was seized that night. While searching the vehicle, officers found an iPhone on the passenger seat, black "Vans" shoes on the passenger seat floor and a pen camera in an Amazon box with Guerrero's name on it behind the driver's seat. The black "Vans" shoes appeared to match the pair seen in the August 24 photo.

On September 7, 2021, Detective O'Connell filed another affidavit ("the September 7 affidavit") in support of a warrant application to search the iPhone and pen camera seized from Guerrero's vehicle. The September 7 affidavit largely duplicated the September 2 affidavit but also described the search of Guerrero's vehicle and explained that police officers believed the seized phone and pen camera likely contained photo or video evidence. Again, the Wrentham District Court granted the warrant that same day.

I.  **Motion to Suppress**

Guerrero moves to suppress the evidence obtained from the iPhone seized in Guerrero's vehicle, arguing that the September 7 affidavit lacked the probable cause needed to support the issuance of a warrant. Specifically, Guerrero contends that Detective O'Connell's affidavit failed to furnish a sufficient nexus between the alleged criminal activity on August 24 and the iPhone found in Guerrero's vehicle. Guerrero requests a hearing on his motion.

II.  **Legal Standard**

Probable cause to issue a warrant exists when "given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).

A warrant application must demonstrate probable cause to believe that

> (1) a crime has been committed -- the "commission" element, and (2) enumerated evidence of the offense will be found at the place searched -- the so-called "nexus" element.

United States v. Feliz, 182 F.3d 82, 86 (1st Cir. 1999).

With respect to the nexus element,

> [t]he nexus between the objects to be seized and the premises searched need not . . . rest on direct observation, but rather "can be inferred from the type of crime, the nature of the items sought, the extent of an opportunity for concealment and normal inferences as to where a criminal would hide [evidence of a crime]. . . ."

Id. at 88 (quoting United States v. Charest, 602 F.2d 1015, 1017 (1st Cir.1979)).

A magistrate should assess a search warrant affidavit in a "commonsense and realistic fashion." Id. (quoting United States v. Ventresca, 380 U.S. 102, 108 (1965)).  Its determination that probable cause exists is entitled to deference and should only be reversed if there is "no substantial basis for concluding that probable cause existed." United States v. Dixon, 787 F.3d 55, 58-59 (1st Cir. 2015) (internal citation omitted).

Even if a warrant is deficient, the good faith exception applies

> when government agents rely on a warrant in objective good faith and in the interest of justice suppression is generally inappropriate.

United States v. Woodbury, 511 F.3d 93, 99 (1st Cir. 2007) (citing United States v. Leon, 468 U.S. 897 (1984)).

### III.    <u>Application</u>

The clerk/magistrate did not err in finding that probable cause existed to issue a warrant authorizing a search of the phone found in Guerrero's vehicle.  The September 7 affidavit established a fair probability that Guerrero committed a crime and that evidence of that crime would be found on the seized phone.  Given the nature of the alleged crime and facts provided, a magistrate could reasonably infer a nexus between the seized phone and the Wrentham Outlets incident.

Guerrero argues that the September 7 affidavit failed to draw "any connection" between the phone found in Guerrero's vehicle and the alleged criminal activity.  That argument is unavailing.  The August 24 photo showed a suspect holding a black phone in the Wrentham Outlets bathroom.  One week later, after identifying Guerrero as the suspect, law enforcement seized his vehicle and found a black phone.  Officers found the phone in the same vicinity as a pair of black "Vans" shoes, the same kind of shoes visible in the August 24 photo, and an Amazon box containing a pen camera.  A magistrate could reasonably infer that the seized phone was the same one seen in the August 24 photo and, given its proximity to the shoes and pen camera and given the nature of pen cameras, draw a connection between the phone and the alleged conduct.

Guerrero further contends that the assertion made in the September 7 affidavit that pen cameras can generally transfer photos or videos to phones was too broad to support the proffered nexus. That argument ignores the fact that

> probable cause determinations are to be informed by the totality of circumstances and not by the consideration of different pieces of evidence in isolation.

United States v. Anzalone, 923 F.3d 1, 4 (1st Cir. 2019)(internal citation omitted).

The fact that photos or videos can generally be transferred from a pen camera to a phone bolstered the nexus between the alleged crime and the seized phone in light of other facts proffered in the affidavit. The search of Guerrero's vehicle corroborated Detective O'Connell's suspicion that his shoelaces contained pen cameras and Detective O'Connell's online research led him to believe the seized phone could store photos and videos captured on a pen camera. Officers found the pen camera and phone in the same vicinity of the vehicle just days after the suspect was seen holding a similar phone at the scene of the alleged crime. Reviewing these details in a commonsense and realistic fashion, Feliz, 182 F.3d at 88, a reviewing magistrate could infer that Guerrero stored photos or videos he initially

captured using his pen camera on the phone. See United States v. Farlow, 681 F.3d 15, 18 (1st Cir. 2012) (probable cause existed to search computer where evidence "could have been stored on any form of digital media").

This Court is satisfied that probable cause existed to authorize the search of the phone found in Guerrero's vehicle. Given that finding, we need not venture farther afield to address the good faith exception.

## ORDER

For the foregoing reasons, without the necessity of a hearing, defendant Guerrero's motion to suppress (Docket No. 29) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 20, 2023